Sengthiene Bosavanh, Esq. #24980
Milam Law, Inc.
330 N. Fulton Street
Fresno, CA 93701
(559) 264-2800
Fax: 559-264-2822

Attorney for Plaintiff, Vicky Kelly

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| **VICKY KELLY**, <br>     Plaintiff, <br> vs. <br> **MICHAEL ASTRUE**, COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | Civil Action No. 1:11-cv-00738-LJO-SKO <br><br> **STIPULATION AND PROPOSED ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** <br><br> (Doc. 26) |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel that, subject to the approval of the Court, Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of Five Thousand Dollars and Zero Cents ($5,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

1

After the Court issues an Order for EAJA Fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of Treasury's Offset Program. After Order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of the fees and expenses to be made directly to attorney Sengthiene Bosavanh, pursuant to the assignment executed by Plaintiff. Any payments shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiffs request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff, and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: December 11, 2012          */s/ Sengthiene Bosavanh*
                                  (As authorized via email)
                                  SENGTHIENE BOSAVANH
                                  Attorney for Plaintiff

///

///

///

///

Date: December 11, 2012                        BENJAMIN B. WAGNER
                                               United States Attorney

                                               */s/ Armand Roth*
                                               Armand Roth, Esq.
                                               Special Assistant U.S. Attorney

                                               Attorneys for Defendant

## **ORDER**

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that:

1. Plaintiff shall be awarded attorney fees in the amount of FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation; and

2. Plaintiff's Motion for Attorneys' Fees under the EAJA is DENIED AS MOOT.

IT IS SO ORDERED.

**Dated:    December 19, 2012**                        /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE